# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>LAWRENCE M. THIGPEN )<br>)<br>)<br>Defendant. ) | Criminal No. 14-30116-DRH |

## STIPULATION OF FACTS

The attorney for the Government and the Defendant stipulate to the following:

1. That **LAWRENCE M. THIGPEN** and **ANGELA D. JONES** defrauded the State of Illinois Medicaid Home Services Program by falsely claiming and taking payments for personal assistant services not actually performed. The State of Illinois pays a personal assistant hourly wages for performance of services for a qualified beneficiary, like **THIGPEN**. The qualified beneficiary must have a written Employment Agreement with the personal assistant and a Service Plan listing all services to be provided. In order for the personal assistant to receive payment from the State of Illinois, the beneficiary must submit a Home Services Time Sheet form listing the hours worked by the personal assistant and signed by both the beneficiary and personal assistant.

2. The Home Services Program is a Medicaid Waiver Program designed to provide a disabled individual who, with assistance in performing daily living activities in the home, would

not require similar care in a nursing home. The Illinois Department of Human Services, Division of Rehabilitation Services (DORS) administers the program. Medicaid Waiver programs enable states to use both state and federal Medicaid funds to pay for services related to medical care that would not ordinarily be covered under Medicaid.

3. On July 1, 2004, **THIGPEN** completed an Employment Agreement between Customer and Personal Assistant with **JONES** who was his girlfriend.

4. On January 15, 2008, a letter was sent to the DHS office signed by **THIGPEN** and **JONES** stating:

*I Angela Jones Have just returned to work for Mr. Thigpen and as of right now I'm not settled completely and as of right now I would very much like to have my mail and my check sent to Mr. Thigpen's address, which he has agreed to this arrangement. Thank you.*

5. On or about October 15, 2008, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **THIGPEN** and **JONES** submitted Home Services Time Sheets on which they falsely claimed 10 hours of personal assistant services that were not performed due to the personal assistant being incarcerated. **THIGPEN** signed each time sheet under the following printed statement:

*The intentional falsification of any information submitted on this form could lead to criminal prosecution.*

**JONES** signed each time sheet under the following printed statement:

*I CERTIFY THE ABOVE INFORMATION IS TRUE AND THE CUSTOMER WAS IN HIS/HER HOME AT THE TIME SERVICES WERE RENDERED (NOT ON VACATION, IN HOSPITAL, IN NURSING HOME, ETC.)*

6. From on or about May 31, 2009 through June 30, 2009, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **THIGPEN** and **JONES** submitted Home Services Time Sheets on which they falsely claimed 126.25 hours of personal assistant services that were not performed due to the personal assistant being incarcerated. **THIGPEN** signed each time sheet under the following printed statement:

> *The intentional falsification of any information submitted on this form could lead to criminal prosecution.*

**JONES** signed each time sheet under the following printed statement:

> *I CERTIFY THE ABOVE INFORMATION IS TRUE AND THE CUSTOMER WAS IN HIS/HER HOME AT THE TIME SERVICES WERE RENDERED (NOT ON VACATION, IN HOSPITAL, IN NURSING HOME, ETC.).*

7. From on or about August 31, 2012 through on or about May 30, 2013, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **THIGPEN** and **JONES** submitted Home Services Time Sheets of which they falsely claimed 1,047.5 hours of personal assistant services that were not performed due to the personal assistant being incarcerated. **THIGPEN** signed each time sheet from August 31, 2012 through October 30, 2012 under the following printed statement:

> *The intentional falsification of any information submitted on this form could lead to criminal prosecution.*

**THIGPEN** signed each time sheet from November 15, 2012 through May 15, 2013 under the following printed statement:

> *I understand that falsification of any information submitted on this form could lead to criminal prosecution.*

**JONES** signed each time sheet from August 31, 2012 through October 30, 2012 under the following printed statement:

*I CERTIFY THE ABOVE INFORMATION IS TRUE AND THE CUSTOMER WAS IN HIS/HER HOME AT THE TIME SERVICES WERE RENDERED (NOT ON VACATION, IN HOSPITAL, IN NURSING HOME, ETC.).*

**JONES** signed each time sheet from November 15, 2012 through May 15, 2013 under the following printed statement:

*I understand that falsification of any information submitted on this form could lead to criminal prosecution.*

**IT IS SO STIPULATED.**

| | |
|---|---|
| LAWRENCE M. THIGPEN<br>Defendant | STEPHEN R. WIGGINTON<br>United States Attorney |
| ~~G. ETHAN SKAGGS~~<br>Attorney for Defendants | RANLEY R. KILLIAN<br>MICHAEL HALLOCK<br>Assistant United States Attorney |
| Date: 10-15-14 | Date: 10/15/14 |